UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | |
|---|---|
| **DAISY REYES,** individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br>v.<br><br>**LINDA SNOW and JOHN RICHMOND, individually, PIZZA HUT OF SAN ANTONIO NUMBER 1, INC., PIZZA HUT OF SAN ANTONIO NUMBER 2, INC., PIZZA HUT OF SAN ANTONIO NUMBER 3 INC., PIZZA HUT OF SAN ANTONIO NUMBER 6, INC., PIZZA HUT OF SAN ANTONIO NUMBER 7, INC., PIZZA HUT OF SAN ANTONIO NUMBER 9, INC., PIZZA HUT OF SAN ANTONIO NUMBER 10, INC., PIZZA HUT OF SAN ANTONIO NUMBER 11, INC., PIZZA HUT OF SAN ANTONIO NUMBER 12, INC., PIZZA HUT OF SAN ANTONIO NUMBER 13, INC., PIZZA HUT OF SAN ANTONIO NUMBER 14, INC., PIZZA HUT OF SAN ANTONIO NUMBER 18, INC., PIZZA HUT OF SAN ANTONIO NUMBER 20, INC., PIZZA HUT OF SAN ANTONIO NUMBER 21, INC., PIZZA HUT OF SAN ANTONIO NUMBER 25, INC., PIZZA HUT OF SAN ANTONIO NUMBER 27, INC., PIZZA HUT OF SAN ANTONIO NUMBER 28, INC., PIZZA HUT OF SAN ANTONIO NUMBER 29, INC., PIZZA HUT OF SAN ANTONIO NUMBER 30, INC., PIZZA HUT OF SAN ANTONIO NUMBER 31, INC., PIZZA HUT OF SAN ANTONIO NUMBER 36, INC., PIZZA HUT OF SAN ANTONIO NUMBER 37, INC., PIZZA HUT OF SAN ANTONIO NUMBER 38, INC., PIZZA HUT OF SAN ANTONIO NUMBER 39, INC., PIZZA HUT OF SAN ANTONIO NUMBER 40, INC., PIZZA HUT OF SAN ANTONIO NUMBER 41, INC., PIZZA HUT OF SAN** | **Case No.** 5:19-cv-934<br><br>**Jury Demanded** |

**ANTONIO NUMBER 42, INC., PIZZA HUT OF SAN ANTONIO NUMBER 43, INC., PIZZA HUT OF SAN ANTONIO NUMBER 44, INC., PIZZA HUT OF SAN ANTONIO NUMBER 45, INC., PIZZA HUT OF SAN ANTONIO NUMBER 47, INC., PIZZA HUT OF SAN ANTONIO NUMBER 48, INC., PIZZA HUT OF SAN ANTONIO NUMBER 49, INC., PIZZA HUT OF SAN ANTONIO NUMBER 50, INC., PIZZA HUT OF SAN ANTONIO NO. 51, INC., NEWTON ASSOCIATES, INC., and NEWTON ASSOCIATES I, LTD. all d/b/a PIZZA HUT OF SAN ANTONIO, INC.**
           Defendants.

## PLAINTIFF'S ORIGINAL COMPLAINT

The above-named Plaintiff, individually and on behalf of all others similarly situated ("Plaintiff" and "Class Members" respectively herein) bring this Fair Labor Standards Act ("FLSA") suit against the above-named Defendants ("Defendants") and shows as follows:

### I. SUMMARY

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. To achieve its humanitarian goals, the FLSA establishes standards of minimum wages and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less that one and one-half times the regular rate at which he is employed." *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).

2. Defendants violated the FLSA by failing to pay wages to employees who performed work for the company both before and after their assigned work shifts and in excess

of 40 hours per week.  Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II.   PARTIES

3. Plaintiff is an individual who was employed by Defendants within the meaning of the FLSA, during the statutory period and hereby consents to be a party in this action through the consent form that is attached as "Exhibit A."

4. The Plaintiff and "Class Members" are Defendants' current and former hourly paid employees.

5. Defendant Linda Snow is individually liable because, during the relevant times, she held managerial responsibilities and substantial control over terms and conditions of Plaintiff and Class Members, including the power to hire and fire, supervised and controlled work schedules and/or conditions of employment, determined rates and methods of pay and/or expense reimbursements, and maintained employment records and/or held control over employment records. Defendant Snow may be served wherever she may be found.

6. Defendant, John Richmond is individually liable because, during the relevant times, he was an owner of substantial interests in defendant, served as officer of the entity, and held managerial responsibilities and substantial control over terms and conditions of drivers' work as they held the power to hire and fire, supervised and controlled work schedules and/or conditions of employment, determined rates and methods of pay and/or expense reimbursements, and maintained employment records and/or held control over employment records. Defendant may be served at 1009 Austin Highway, San Antonio, Texas 78209 or wherever he may be found.

7. Defendant, PIZZA HUT OF SAN ANTONIO NUMBER 1, INC., PIZZA HUT OF SAN ANTONIO NUMBER 2, INC., PIZZA HUT OF SAN ANTONIO NUMBER 3 INC., PIZZA HUT OF SAN ANTONIO NUMBER 6, INC., PIZZA HUT OF SAN ANTONIO NUMBER 7, INC., PIZZA HUT OF SAN ANTONIO NUMBER 9, INC., PIZZA HUT OF SAN ANTONIO NUMBER 10, INC., PIZZA HUT OF SAN ANTONIO NUMBER 11, INC., PIZZA HUT OF SAN ANTONIO NUMBER 12, INC., PIZZA HUT OF SAN ANTONIO NUMBER 13, INC., PIZZA HUT OF SAN ANTONIO NUMBER 14, INC., PIZZA HUT OF SAN ANTONIO NUMBER 18, INC., PIZZA HUT OF SAN ANTONIO NUMBER 20, INC., PIZZA HUT OF SAN ANTONIO NUMBER 21, INC., PIZZA HUT OF SAN ANTONIO NUMBER 25, INC., PIZZA HUT OF SAN ANTONIO NUMBER 27, INC., PIZZA HUT OF SAN ANTONIO NUMBER 28, INC., PIZZA HUT OF SAN ANTONIO NUMBER 29, INC., PIZZA HUT OF SAN ANTONIO NUMBER 30, INC., PIZZA HUT OF SAN ANTONIO NUMBER 31, INC., PIZZA HUT OF SAN ANTONIO NUMBER 36, INC., PIZZA HUT OF SAN ANTONIO NUMBER 37, INC., PIZZA HUT OF SAN ANTONIO NUMBER 38, INC., PIZZA HUT OF SAN ANTONIO NUMBER 39, INC., PIZZA HUT OF SAN ANTONIO NUMBER 40, INC., PIZZA HUT OF SAN ANTONIO NUMBER 41, INC., PIZZA HUT OF SAN ANTONIO NUMBER 42, INC., PIZZA HUT OF SAN ANTONIO NUMBER 43, INC., PIZZA HUT OF SAN ANTONIO NUMBER 44, INC., PIZZA HUT OF SAN ANTONIO NUMBER 45, INC., PIZZA HUT OF SAN ANTONIO NUMBER 47, INC., PIZZA HUT OF SAN ANTONIO NUMBER 48, INC., PIZZA HUT OF SAN ANTONIO NUMBER 49, INC., PIZZA HUT OF SAN ANTONIO NUMBER 50, INC., PIZZA HUT OF SAN ANTONIO NO. 51, INC., NEWTON ASSOCIATES, INC., and NEWTON ASSOCIATES I, LTD. all d/b/a PIZZA

HUT OF SAN ANTONIO, INC., is operating as a joint and integrated enterprise for purposes of the matter in this case. Defendant is authorized to do business, and is doing business in the State of Texas with their main corporate headquarters being located at 1009 Austin Highway, San Antonio, Texas 78209. Defendant may be served via its registered agent John M. Richmond, who may be served at 1009 Austin Highway, San Antonio, Texas 78209 or wherever he may be found.

### III.   JURISDICTION AND VENUE

8. This Court has jurisdiction over the claim because Plaintiff has asserted a claim arising under federal law.

9. Venue is proper in this District because the events forming the basis of the suit occurred in this District and Defendants are located here.

### IV.   COVERAGE

10. At all material times, Defendants acted, directly or indirectly, in the interest of an employer with respect to Plaintiff and the Class Members.

11. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or

otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

## V.   FACTUAL ALLEGATIONS

14. Defendants earn in excess of $500,000.00 in gross sales per year.

15. Plaintiff worked as hourly-paid, admittedly non-exempt and overtime eligible worker for Defendants during the three years prior to the filing of this Complaint. In fact, Plaintiff was employed by Defendants during the last two years and until 2018.

16. As an hourly-paid employee, Plaintiff was entitled to be paid each hour that was worked on Defendants' behalf. Instead of following the FLSA, Plaintiff and other similarly situated workers were regularly required to clock out at the end of their scheduled shift time but continue working. Plaintiff was not compensated for this required, post-shift work.

17. Additionally, Plaintiff was not paid overtime at the rate of time-and-one-half her regular rate of pay, including non-discretionary bonuses, for hours worked in excess of 40 per week. Plaintiff worked more than 40 hours in a week for Defendants, but much of the time spent doing work beyond her assigned work shift was not accounted for or paid for at proper overtime rates. Plaintiff and the Class Members were paid on an hourly basis, but were not properly compensated for hours worked in excess of 40 in a workweek. Plaintiff and the Class Members routinely worked in excess of 40 hours per week, but were not paid time-and-one-half their regular rates of pay for hours in excess of 40 hours per week. Instead, Plaintiff and Class Members were paid for their assigned shift times rather than the actual hours they worked.

Defendants failed to accurately track and pay for all hours of work, especially for time spent before and after assigned work shifts.

18. Defendants have employed other individuals under the same or similar pay provisions as Plaintiff, and who were also denied all wages and proper overtime compensation in the same manner as Plaintiff.

19. Defendants have faced multiple lawsuits in the last decade for their wage and hour violations. Specifically and more than five years ago, Defendants received formal complaints and were sued for failing to pay another non-exempt, hourly paid employee for all hours worked. Rather than fix these problems, Defendants' and their agents specifically instructed Plaintiff and others to clock out and continue working "off the clock." Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

### VI.  COLLECTIVE ACTION ALLEGATIONS

20. Plaintiff and the Class Members were all paid on an hourly basis and as such all admittedly eligible for the benefits of the FLSA under Defendants' own pay scheme.

21. Plaintiff and Class Members were subjected to the same pay provisions in that they were paid under the same pay plan and were not paid at time-and-one-half their regular rates of pay for hours worked in excess of 40 hours in a workweek. Like Plaintiff, the Class Members were instructed by supervisors and expected to clock out and perform post-shift activities "off-the-clock." These activities were for the benefit of the company and were a regular and expected part of Plaintiff's and the Class Members' work days.

22.     Like Plaintiff, the Class Members routinely worked shifts of 40 hours or more in a workweek.  Thus, additional and uncompensated time should be compensated at the rate of time and one half the Class Members' regular rate of pay.

23.      Defendants' failure to compensate employees for hours worked in excess of 40 in a workweek as required by the FLSA results from a policy or practice of paying Plaintiff and Class Members for their shift time, as opposed to their actual hours of work.  This policy or practice is/was applicable to Plaintiff and the Class Members.  Application of this policy or practice does not depend on the personal circumstances of the Plaintiff or those joining this lawsuit.  Rather, the same policy or practice which resulted in the non-payment of overtime to Plaintiff applied to all Class Members.

24.     Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay overtime compensation with respect to Plaintiff and the Class Members.

### VII.   CAUSE OF ACTION:  FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

25.     During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed or by failing to pay minimum wages to such employees.  Defendants have acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law.

## VIII.  RELIEF SOUGHT

26.     WHEREFORE, cause having been shown, Plaintiff pray for judgment against Defendant as follows:

a.      For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit); and

b.      For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c.      For an Order awarding Plaintiff (and those who may join in the suit) attorneys fees; and

d.      For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,
/s/ *Jay Forester*_____
**J. FORESTER**
*ATTORNEY IN CHARGE*
Texas Bar No. 24087532
**FORESTER HAYNIE PLLC**
400 N. St. Paul Street, Suite 700
Dallas, Texas 75201
(214) 210-2100 phone

**ATTORNEYS FOR PLAINTIFF**